## Commonwealth v. Genismore

Richard Sharp, for Commonwealth.

Edward R. Genismore, pp.

CAMPBELL, P. J., May 26, 1960. — Defendant is charged with three violations of The Vehicle Code of April 29, 1959, P. L. 58, as follows:

1. Section 830 which requires: "Every commercial motor vehicle and every combination of commercial motor vehicle and trailer or of a truck tractor and semi-trailer when used on a highway, shall be so constructed or equipped as to bar water or other road surface substances thrown from the rear wheels . . .": 75 PS §830. In common phraseology, the vehicle which he was using was not equipped with mud flaps.

2. That he violated section 1014(c) by entering a through highway or stop intersection without yielding the right-of-way.

3. That he violated section 1028(b) (3), which requires one facing a red light to stop and remain standing until green is shown.

The testimony is uncontradicted that defendant was driving a truck tractor with no trailer attached. The legislature defined a commercial motor vehicle in section 102 of The Vehicle Code as follows:

"Any motor vehicle designed for carrying freight or merchandise . . ."

In the same section, a truck tractor is defined as "every self propelled motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the weight and the load so drawn."

It is apparent from the definition quoted above that when the legislature referred to commercial vehicles, they had something in mind other than a truck tractor. Section 830 does not use the words "truck tractor" except when in a combination with another vehicle. Other sections of The Vehicle Code make a distinction between a commercial motor vehicle and a truck tractor.

Since The Vehicle Code is penal in nature, we must construe it strictly and under the circumstances we hold that the legislature did not intend to include truck tractors, when being operated without any other trailer attached thereto, to come within the contemplation of this section. The following courts have similarly construed this section: The County Court of Allegheny County, the Courts of Quarter Sessions of Bucks County and York County.* We therefore hold that defendant is not guilty of this charge.

The intersection in question is the intersection of West High Street and Water Street in Bellefonte Borough which is equipped with traffic lights and during less congested hours, the lights flash intermittent yellow for vehicular traffic on Water Street and intermittent red for vehicular traffic on High Street. Defendant approached the intersection traveling east on High Street and the traffic light was flashing intermittent red facing him. Defendant was charged with the violation of section 1014 (c), which involves a vehicle entering a through highway or stop intersection. The facts do not warrant a conviction under this section.

Defendant was charged with a third offense, section

---

* The York County case referred to is Commonwealth v. Scarborough, 17 D. & C. 2d 764. To the same effect is Commonwealth v. Phaler, 21 D. & C. 2d 391 (Luzerne County) ; Commonwealth v. Haines, 22 D. & C. 78 (Washington County).

1028(*b*) (3), which requires a vehicle to stop at a red light and to remain standing until green is shown. Again the facts do not justify a conviction under this section.

The facts do indicate and the court would have so found that defendant violated section 1028(*g*), which pertains to intersections governed by rapid intermittent red flashing lights, but, however, defendant was not charged under this section.

For these reasons we are impelled to find defendant not guilty. Costs to be paid by the County of Centre. The cash bond deposited by defendant to be returned to him.